IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02663-REB-MEH

DEMPSEY ALEXANDER KENNEDY and
CRYSTAL PHIFER,

      Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA, a Tennessee corporation, and
TAMMY MOSNESS, an individual,

      Defendants.

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to Amend Scheduling Order and Motion for Leave to File Amended Complaint [filed March 15, 2012; docket #24]. Pursuant to D.C. Colo. LCivR 7.1C, Defendants' response was due on or before April 5, 2012; however, no response was filed. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Plaintiffs' Motion is **granted**.

**I.    Background**

Plaintiffs initiated this action in Colorado state court on September 13, 2011 alleging, among other claims, violations of the First Amendment. (Docket #2.) Defendants removed the case to federal court on October 13, 2011, pursuant to 42 U.S.C. §1331. (Docket #1, 2.) Plaintiffs' Complaint names two Defendants and asserts four causes of action: 1) violations of the First Amendment against Defendant Mosness; 2) intentional interference with contract by Defendant Mosness; 3) negligent training by Corrections Corporation of America ("CCA"); and 4) respondeat superior liability as to Defendant CCA for Defendant Mosness regarding all acts committed in the

scope of her employment. (Docket #2 at 4-7.)

Plaintiffs' claims arise out of personal correspondence sent by Plaintiff Phifer to Plaintiff Kennedy during his period of incarceration at Kit Carson Correctional Center, a facility operated by Defendant CCA. (*Id*. at 2.) On September 22, 2009, Defendant Mosness allegedly accepted delivery of personal correspondence addressed to Kennedy from Phifer containing nude photographs of model. (*Id*.) Ms. Phifer mailed the photos in an envelope bearing the insignia of TCF Bank, her employer at the time. (*Id*.) Plaintiffs assert that Mosness opened the mail to inspect it for cash, checks, or contraband. (*Id*. at 3.) Although the photographs did not constitute contraband, Mosness allegedly copied Phifer's correspondence and faxed it to TCF Bank's district office. (*Id*.) The next day, TCF Bank terminated Phifer's employment for sending "inappropriate materials" in a company envelope. (*Id*.) Importantly, Plaintiffs' Complaint asserts that they were lawfully married at the time of the alleged violations. (*Id*. at 1.)

In response to the Complaint, Defendants filed a motion to dismiss on October 20, 2011. (Docket #8.) Defendants argue that TCF Bank was the sender of the correspondence, and thus was a party to the transaction. Therefore, as a matter of law, Defendants contend that no third party disclosure occurred. Plaintiffs filed a timely response to the motion to dismiss in which they discussed the possibility of filing an amended complaint. (Docket #11 at 6.) However, Plaintiffs did not tender an amended complaint at that time.

After holding a Scheduling Conference, the Court issued a Scheduling Order establishing, among other deadlines, the deadline for joinder of parties and amendment of pleadings. (*See* dockets ##15, 16.) That deadline was January 9, 2012. (Docket #16 at 9.) The Court saw the parties again on March 15, 2012, for a hearing on a motion to withdraw filed by Plaintiffs' former counsel. (*See* docket #26.) At that hearing, Plaintiffs' counsel indicated he would file a motion to amend before

2

leaving the case. Consistent with this statement, Plaintiffs filed the present Motion on March 15, 2012. (Docket #24.)

Plaintiffs' Motion requests leave to file an amended complaint to address two categories of recently discovered evidence. The first category of evidence pertains to Plaintiffs' marital status, as Plaintiffs were under the mistaken impression that they were married at common law when, in fact, they were not. Plaintiffs seek to amend their Complaint to correct this error. Secondly, Plaintiffs discovered new facts regarding Defendant Mosness' conduct during the alleged disclosure. In light of these developments, Plaintiffs seek to conform their pleading to the facts alleged in Mosness' version of events. In addition to this new evidence, Plaintiffs' proposed Amended Complaint also provides greater specificity regarding the envelopes in which Ms. Phifer mailed her correspondence to Mr. Kennedy. Plaintiffs' proposed Amended Complaint includes copies of the envelopes in support of this contention. Although Defendants have not filed a response, Plaintiffs' represent that Defendants oppose the relief sought because amendment would be futile.

## II.   Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the Complaint or service of a responsive pleading or Rule 12 motion, a party may amend its Complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### A.   Undue Delay

Defendants make no argument regarding the timeliness of amendment; however, the Court

3

notes that Plaintiffs' Motion comes almost 60 days after the deadline for amendment of pleadings. (*See* dockets #16, 24.)  Plaintiffs ask the Court to modify the Scheduling Order to permit the proposed amendment. According to Plaintiffs, the extension is warranted because they did not discover the factual inconsistencies until after the deadline had expired.

The Court is persuaded that the errors contained in Plaintiffs' original Complaint were not intentional.  Moreover, the Court finds Plaintiffs' delay in correcting the mistakes was a product of the late discovery and the understandable assumption of Plaintiffs' counsel regarding Plaintiffs' martial status. Therefore, although Plaintiffs' Motion is untimely, it is not unduly delayed, and does not warrant a departure from the liberal standard for amendment of pleadings set forth in Rule 15(a).

B. Futility

Though Defendants make no direct argument to the Court, the Court gathers from Plaintiffs' Motion that Defendants believe amendment would be futile in light of the arguments asserted in their motion to dismiss.  Specifically, Defendants' motion to dismiss argues that because Phifer mailed the photos in a TCF Bank envelope, TCF Bank was a party to the communications such that any alleged disclosure by Defendant Mosness to TCF Bank was not improper.  Plaintiffs contend that the proposed factual amendments are sufficiently distinct from the legal issues raised in the motion to dismiss that the motion could theoretically be adjudicated as filed. (Docket #24 at 4.) However, Plaintiffs' proposed Amended Complaint does contain an attachment with copies of the envelopes in which Phifer sent her correspondence to Kennedy. (Docket #23-1.)

Without reaching the merits of Defendants' motion, the Court finds that the revised description of the correspondence, including copies of the envelopes, provides clearer support for Plaintiffs' argument that Ms. Phifer stamped her contact information on the envelope, and that she did so to ensure that the mail would not be returned to TCF Bank. (*See* dockets ##23 at 2, 23-1.)

4

The legal effect of Ms. Phifer's actions is for the District Court to decide; this Court finds only that the facts contained in the proposed Amended Complaint may impact that analysis.

Because Plaintiffs' Amended Complaint is not unduly delayed and because the additional facts Plaintiffs include may affect the District Court's analysis of a motion to dismiss, the Court determines that justice requires leave to amend. *See* Fed. R. Civ. P. 15(a). In addition, the Court must also consider whether Plaintiffs have shown good cause to amend the scheduling order to allow for the amended pleading. *See* Fed. R. Civ. P. 16. Based on the above, the Court finds good cause exists to modify the deadline for amendment of pleadings. Thus, the deadline for amendment of pleadings in this case is extended to March 15, 2012, the date on which Plaintiffs filed this Motion. All other deadlines remain the same.

### III.  Conclusion

For the reasons stated above, Plaintiffs' Motion to Amend Scheduling Order and Motion for Leave to File Amended Complaint [filed March 15, 2012; docket #24] is **granted**. The Court accepts the proposed Amended Complaint [docket #23] and Exhibit A attached thereto [docket #23-1] as filed. In the interest of judicial efficiency and maintaining a consistent docket, Defendants shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 13th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge