**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-02663-REB-MEH

DEMPSEY ALEXANDER KENNEDY, and
CRYSTAL PHIFER,

     Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA, a Tennessee corporation, and
TAMMY MOSNESS, an individual,

     Defendants.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

     The matters before are (1) **Motion for Summary Judgment from CCA**

**Defendants** [#43],[1] filed July 31, 2012; and (2) plaintiffs' **Motion in the Alternative to**

**Plaintiffs' Amended Response to Defendants' Motion for Summary Judgment**

**[#43] for Additional Time for Specific Discovery Pursuant to Rule 56(d)** [#55], filed

August 22, 2012.  I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331

(federal question) and 1367 (supplemental jurisdiction).  Having reviewed the motion

and response and the apposite arguments, authorities, and evidence presented by the

parties, it is apparent that there exist genuine issues of material fact that are not

---

     [1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

appropriate for summary resolution. [2]

Nevertheless, I briefly note that the parties appear to be under the mistaken impression that the First Amendment claim in this lawsuit is informed by the standards enunciated in *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). The Supreme Court has clarified that the *Procunier* standard is limited to regulations concerning outgoing prisoner correspondence. *Thornburgh v. Abbott*, 490 U.S. 401, 413-14, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459 (1989) (citing *Turner v. Safely*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987)).[3] Mail coming into a prison is governed by the more lenient reasonableness standard announced in

---

[2] I note also that the fact that Ms. Phifer was an at-will employee of TCF Bank, and thus had no formal contract with her employer, does not insulate strangers to the contract from claims of intentional interference with contract:

> Just because the parties to the contract could end the employment relationship at any time does not absolve a third party from liability where she wrongfully induces the termination of that same relationship:
>
> > The parties to an employment-at-will contract may terminate the employment without cause or notice; therefore, an employee does not have a legitimate claim of entitlement to continued employment against the employer. However, a contract terminable at will is entitled to protection from tortious unwarranted interference from third parties, and until terminated, an at-will contract is valid and subsisting, and a stranger to the contract has no right to interfere improperly with it.

*See Ramirez v. The GEO Group, Inc.*, 655 F.Supp.2d 1170, 1190 (D. Colo. 2009) (citations and internal quotation marks omitted).

Moreover, at the time this lawsuit was filed, however, Mr. Kennedy had been released from prison. Therefore, defendants' argument that he failed to exhaust administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), is misplaced. *See Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) ("[P]laintiff, who was not a prisoner confined in a jail, prison, or other correctional facility when he brought suit, did not have to exhaust his administrative remedies first.").

[3] As with defendants' motion to dismiss, the individual defendant, Ms. Mosness, neither asserts nor supports a claim of qualified immunity, and I therefore do not consider any issues related thereto.

*Turner*.  128 S.Ct. at 2261.  *See also Jones v. Salt Lake County*, 503 F.3d 1147, 1153 (10th Cir. 2007).

The motion for additional discovery requests that the court postpone ruling on the motion for summary judgment until the discovery deadline has passed.  That deadline was November 19, 2012.  (*See* **Courtroom Minutes/Minute Order** [#68], filed September 14, 2012.)  As no additional motions were filed within the deadline, I consider this motion moot.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion for Summary Judgment from CCA Defendants** [#43], filed July 31, 2012, is **DENIED**; and

2.  That plaintiffs' **Motion in the Alternative to Plaintiffs' Amended Response to Defendants' Motion for Summary Judgment [#43] for Additional Time for Specific Discovery Pursuant to Rule 56(d)** [#55], filed August 22, 2012, is **DENIED AS MOOT**.

Dated November 20, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge